## George West v. C. N. Ela.

Specific Performance — *Inchoate Interest of Wife* — *Referee* — *Practice.*
W. brought an action against E. and wife for a deed on a contract to
convey, clear of incumbrance, four lots, not a homestead, in the city
of Topeka, owned by E. The only allegation concerning Mrs. E. or
her interest in the lots was, that she was the wife of E., and claimed
some interest in them. After a jury had rendered a verdict in favor
of W. and against E., and had been discharged, and a judgment ren-
dered in favor of E.'s wife for costs, W., without any amendment of
his petition, offered to prove the value of her supposed inchoate right
or interest in the lots as E.'s wife, and also then asked to refer the
question of its value to a referee, or for the court to frame and sub-
mit the question of its value to another jury. The court refused to
hear further testimony, and denied both W.'s motions. *Held,* No error.

*Error from Shawnee District Court.*

The opinion states the material facts.

*Jetmore & Son,* for plaintiff in error.

*Webb, Campbell & Spencer,* for defendant in error.

Opinion by Holt, C.: The defendant in error, C. N. Ela,
through his agents Riley & Burge, entered into a contract
with George West, plaintiff in error, of which the following
is the written evidence:

"Received of George West fifty dollars, on lots number 509,
511, 513 and 515, Lincoln street, Williams & Dillon's addi-
tion, city of Topeka, Kansas; the purchase-price to be twelve
hundred dollars, to be paid as follows: Fifty dollars cash
down, eleven hundred and fifty dollars to be paid upon the
delivery of a good warranty deed, sufficient to convey the
property clear of all incumbrances.            C. N. Ela.
                            Riley & Burge, *Agents.*"

Ela refused to convey; West then brought this action
against Ela and his wife, Jennie N. Ela, for specific perform-
ance of contract. His averment in the petition concerning
Jennie N. Ela is, "that the defendant, Jennie N. Ela, is the
wife of her co-defendant, C. N. Ela, and claims to have some

interest adverse to this plaintiff in said property; wherefore she is made a party defendant herein, to answer to any claim she may have therein." To this petition the defendant answered by a general denial, but admitted that Jennie N. Ela was his wife, and denied under oath that Riley & Burge had any power to make this contract for him. Jennie N. Ela in her separate answer admitted she was the wife of her co-defendant, and claimed an interest in the property described in plaintiff's petition; she denied every other allegation therein. The cause was tried by a jury May 5, 1887, which returned the following verdict:

"We, the jury impaneled and sworn, do upon our oaths find for the plaintiff, and against the defendant C. N. Ela."

The action was passed until the 11th of June, 1887, when a motion for a new trial, which had been filed by defendant in due time, was overruled. The plaintiff then offered to prove the present value of the inchoate right or interest of the defendant Jennie N. Ela, as the wife of defendant, to the property described; and also at the same time, and after the court had given judgment in favor of Jennie N. Ela, asked the court to refer the case to a referee to be appointed by the court, to take proof and report the value of such right and interest; also at the same time asked the court to frame, direct, and submit to a jury the question of its value. These motions and offer to introduce testimony were denied and refused. Plaintiff excepted, filed his motion for a new trial, and brings the case here properly for review.

It is conceded that this property is not the homestead of the defendants. It is claimed by the plaintiff that the interest that defendant Jennie N. Ela had as the wife of co-defendant, was an incumbrance on the land in question, and that its value was a proper subject for judicial investigation and determination; and after having ascertained by proper evidence the value of her interest, whatever it may have been, should have been deducted from the purchase-price to be paid by plaintiff, if she refused to convey. Before we can pass upon the correctness of the claim of plaintiff, we are called upon

to decide whether the testimony was offered in due time, and whether the court erred in refusing to refer this subject to a referee, or submit this question to a jury.   By the record it fairly appears that the jury which tried the case had been discharged; that there was no offer or effort to produce testimony at the trial of the value of this supposed inchoate right or interest of Mrs. Ela.   It was offered after the motion for a new trial by defendants had been overruled and judgment rendered in favor of Jennie N. Ela.   Ordinarily it is largely within the discretion of the trial court to open the case for the purpose of admitting evidence, provided the pleadings are sufficient to justify it.   In this action there was nothing in the pleadings to raise even an inference that the question of the value of the wife's supposed interest would be litigated; the only allusion to her interest being that part of the petition cited above; the prayer of the petition was that both husband and wife be required to execute a warranty deed, and be forever barred hereafter from interfering with said real estate or the plaintiff in his possession thereof; nor was there an application for leave to amend the petition so that any issue on this question could be formed and tried; but after the trial, after the jury had been discharged, and after a judgment in favor of defendant Jennie N. Ela had been rendered, without any change in the pleadings, without any reason being given why the testimony was not introduced before, the plaintiff then offered to introduce evidence concerning the value of this supposed interest of Mrs. Ela.   The court declined to litigate that question at that time, or to appoint a referee, or to submit questions to another jury.   In this we see no abuse of judicial discretion.   In fact, we think the ruling of the court was proper under the pleadings.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.